# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

  v.

Thomas Joseph Petters; Petters Company, Inc., PCI; Petters Group Worldwide, LLC; Deanna Coleman, a/k/a Deanna Munson; Robert White; James Wehmhoff; Larry Reynolds, d/b/a Nationwide International Resources, a/k/a NIR; Michael Catain, d/b/a Enchanted Family Buying Company; Frank E. Vennes, Jr., d/b/a Metro Gem Finance, Metro Gem, Inc., Grace Offerings of Florida, LLC, Metro Property Financing, LLC, 38 E. Robinson, LLC, 55 E. Pine, LLC, Orlando Rental Pool, LLC, 100 Pine Street Property, LLC, Orange Street Tower, LLC, Cornerstone Rental Pool, LLC, 2 South Orange Avenue, LLC, Hope Commons, LLC, Metro Gold, Inc.,

        Defendants.

**ORDER**
Civil No. 08-5348 ADM/JSM

Interlachen Harriet Investments Limited,

        Plaintiff,

  v.

Petters Group Worldwide, LLC; Petters Company, Inc.; Nationwide International Resources, Inc.; XYZ Company; John and Jane Does 1 through 10

Civil No. 08-5312 ADM/SRN

---

R.J. Zayed, Esq., Carlson, Caspers, Vandenburgh & Lindquist, P.A., Minneapolis, MN, argued on behalf of Ritchie Capital Management, et al.

Connie A. Lahn, Esq., Fafinski, Mark & Johnson, P.A., Eden Prairie, MN, argued on behalf of William Procida.

Gregory G. Brooker, Esq., Assistant United States Attorney, Minneapolis, MN, argued on behalf of Plaintiff.

Robert J. Hennessey, Esq., Lindquist & Vennum, P.L.L.P., Minneapolis, MN, argued on behalf of Receiver Douglas A. Kelley.

J.D. Jackson, Esq., Dorsey & Whitney, L.L.P., Minneapolis, MN, argued on behalf of Interlachen Harriet Investments Limited.

Donald G. Heeman, Esq., Felhaber, Larson, Fenlon & Vogt, P.A., Minneapolis, MN, argued on behalf of Defendant Thomas Joseph Petters.

_____

On October 9, 2008, the undersigned United States District Judge heard oral argument on the Motion to Intervene [Docket No. 14 (08-5348)] by Ritchie Capital Management, et al. ("Ritchie") and the Motion to Intervene [Docket No. 17 (08-5348)] by William Procida ("Procida"). In addition to asserting that they are entitled to intervene as a matter of right, Ritchie and Procida request that the Court amend its October 6, 2008 Order appointing Douglas A. Kelley ("Kelley") as Receiver. For the reasons stated on the record at oral argument, Ritchie's and Procida's motions are denied. The Motion by Interlachen Harriet Investments Limited ("Interlachen") [Docket No. 32 (08-5348)] and [Docket No. 2 (08-5312)] requesting leave to appear as an interested party is granted.

The individual defendants are all the subject of pending criminal fraud cases in this jurisdiction. This action was brought by the United States seeking injunctive relief under 18 U.S.C. § 1345 to preserve the assets of Defendants in the event that they be ordered to pay restitution to the victims of that alleged fraud scheme. As an action under section 1345, jurisdiction in this Court is proper. The arguments raised by Ritchie and Procida in support of intervention and their request that the Court amend its Order appointing Kelley as Receiver lack any legal basis and are otherwise without merit. A movant has the right to intervene in an action

when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, *unless existing parties adequately represent that interest*." Fed. R. Civ. P. 24(a)(2) (emphasis added).  No showing has been made that the Court appointed Receiver will not adequately represent the interests of *all* victims of the alleged fraud scheme.

For the reasons stated at oral argument and summarized here, **IT IS HEREBY ORDERED** that the motions to intervene [Docket Nos. 14 and 17 (085348)] are **DENIED** and that Interlachen's Motion [[Docket No. 32 (08-5348)] and [Docket No. 2 (08-5312)] is **GRANTED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 9, 2008.